**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kristian Grube,<br><br>Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>Defendant. | No. CV-17-04263-PHX-JZB<br><br>**ORDER** |

Plaintiff Kristian Grube seeks review under 42 U.S.C. § 405(g) of the final decision of the Commissioner of Social Security ("the Commissioner"), which denied him disability insurance benefits and supplemental security income under sections 216(i), 223(d), and 1614(a)(3)(A) of the Social Security Act. Because the decision of the Administrative Law Judge ("ALJ") is based on legal error, the Commissioner's decision will be vacated and the matter remanded for further administrative proceedings.

**I.    Background.**

Plaintiff Grube applied for disability insurance benefits and supplemental security income for the first time on June 14, 2007, alleging disability beginning August 5, 2005. On March 12, 2010, the ALJ issued a decision that Plaintiff was not disabled within the meaning of the Social Security Act. The Appeals Council denied Plaintiff's request for review of the hearing decision on August 25, 2010. The United States District Court for the District of Arizona affirmed the ALJ decision on January 3, 2012. The United States

Court of Appeals for the Ninth Circuit also affirmed the ALJ decision on Mar 28, 2014.

On April 15, 2014, Plaintiff again applied for disability insurance benefits and supplemental security income, alleging disability beginning March 13, 2010. On April 18, 2016, he appeared with his attorney and testified at a hearing before the ALJ. A vocational expert also testified. During the hearing and through counsel, the alleged onset date was amended to December 10, 2010

On May 31, 2016, the ALJ issued a decision that Plaintiff was not disabled within the meaning of the Social Security Act. Therein, the ALJ relied on the doctrine of res judicata, stating that "a prior final and binding decision of nondisability by an Administrative Law Judge gives rise to a presumption of continuing nondisability." (AR 17-32.) In her decision, the ALJ found that Plaintiff had shown changed circumstances sufficient to rebut the presumption, but declined to reevaluate Plaintiff's residual functional capacity, education, and work experience, because Plaintiff had failed to show "new and material evidence" on those findings. (AR 20.) Applying "res judicata effect to the prior findings in the March 12, 2010 hearing decision," the ALJ found Plaintiff was not disabled under sections 216(i) and 223(d) of the Social Security Act through September 30, 2011." (AR 20-32.) The Appeals Council denied Plaintiff's request for review of the hearing decision, making the ALJ's decision the Commissioner's final decision.

On appeal, Plaintiff argues that the ALJ committed legal error in her application of res judicata to Plaintiff's residual functional capacity and asks the Court to vacate her decision and remand for a computation of benefits.

**II.  Legal Standard.**

The district court reviews only those issues raised by the party challenging the ALJ's decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The court may set aside the Commissioner's disability determination only if the determination is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is more than a scintilla, less than a preponderance, and relevant evidence that a reasonable person might accept as adequate to support a

conclusion considering the record as a whole. *Id.* In determining whether substantial evidence supports a decision, the court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* As a general rule, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

**III.    Analysis.**

       **A.    The ALJ Erred in Its Application of Res Judicata.**

Principles of res judicata apply less rigidly in administrative proceedings than in judicial proceedings. *Chavez v. Bowen*, 844 F.2d 691, 693 (9th Cir. 1988). Where there is a finding against disability in a previous proceeding, there will be a presumption of continuing nondisability in future proceedings. *Id.* A claimant can overcome this presumption by proving "changed circumstances" that indicate greater disability than existed in the prior proceeding. *Id.* Changed circumstances may include "an increase in the severity of the claimant's impairments, a change in the claimant's age category, or the existence of an impairment that was not considered in an earlier decision." *Miglioretto v. Comm'r Soc. Sec. Admin.*, No. 6:12-CV-01136-JE, 2013 WL 4876022, at *14 (D. Or. Sep. 11, 2013), *aff'd sub nom. Miglioretto v. Colvin*, 647 F. App'x 667 (9th Cir. 2017).[1] The ALJ acknowledged that Plaintiff demonstrated changed circumstances sufficient to rebut a presumption of non-disability. (AR 19.) Specifically, Plaintiff alleged a worsening of existing symptoms and the development of shoulder impingement, which constituted a new impairment not considered in the prior determination. *Id.* The Court finds that the ALJ reasonably came to the conclusion that a presumption of continuing nondisability applied to the proceeding and that Plaintiff rebutted that presumption by demonstrating changed

---

[1] A change in the criteria for determining disability is also considered to be a changed circumstance for purposes of rebutting a presumption of continuing nondisability. AR 97-4(9) (S.S.A.), 1997 WL 742758. Plaintiff contends that SSR 16-3, which was issued after the first ALJ's 2010 decision in Plaintiff's case, alters the way in which the ALJ was obligated to consider opinion evidence. As the Court is remanding to reconsider the RFC and determination of disability under current guidelines, it is unnecessary to address this contention here.

- 3 -

circumstances.

Plaintiff contends that the ALJ committed error in its application of res judicata to the prior ALJ's determination of his residual functional capacity. Under *Chavez*, after a claimant has demonstrated changed circumstances that preclude a presumption of continuing nondisability, res judicata may nevertheless apply to certain findings contained in the prior ALJ's determination of nondisability. 844 F.2d at 694. *See also* AR 97-4(9) (S.S.A.), 1997 WL 742758. In *Chavez*, those findings included the claimant's residual work capacity, education, and work experience. 844 F.2d at 694. The court in *Chavez* held that inquiries into these findings could only be reopened in the presence of "new and material evidence." *Id.* In *Chavez*, the changed circumstance of an increase in the claimant's age was not accompanied by any other change that would have altered his residual functional capacity, so the court declined to reopen the decision on the claimant's RFC.

New evidence can refer to evidence of the claimant's condition at the time of the prior decision or to his or her condition at a subsequent period. A prior ALJ's findings as to the claimant's condition at the time of the prior decision are generally entitled to preclusive effect under *Chavez*, but an ALJ's authority to apply res judicata to the period subsequent to the prior decision is more limited *See Jamtaas v. Berryhill*, 706 F. App'x 401 (9th Cir. 2017); *Lester v. Chater*, 81 F.3d 821, 827, *as amended* (Apr. 9, 1996). *Compare Bose v. Astrue*, No. CV 09-02257 -PHX-MHM, 2011 WL 1211601 (D. Ariz. Mar. 31, 2011) ("Plaintiff cannot attempt to resurrect medical facts that have already been decided simply by having his doctor refer to those facts at a later time."). If the facts that constitute a changed circumstance include new or worsening symptoms, the ALJ is obligated to analyze the RFC in light of the new evidence. *See Lester*, 81 F.3d at 828-30 (finding that the ALJ should have considered the combined effects of all mental and physical impairments, including those "not considered in the previous application"); *Vasquez v. Astrue*, 547 F.3d 1101, 1111, (9th Cir. 2008) (remanding and instructing the ALJ to consider newly raised evidence in "mak[ing] a determination as to [claimant's]

residual functional capacity and entitlement to benefits" without applying principles of res judicata and without giving any degree of deference to the first ALJ's previous decision).

"In Social Security cases the ALJ has a special duty to fully and fairly develop the record and to assure that . . . claimant's interests are considered." *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983). The Social Security Act is remedial and "to be construed liberally" by courts. *Doran v. Schweiker*, 681 F.2d 605, 607 (9th Cir. 1982). In determining whether new evidence is "material," the Ninth Circuit has adopted the Fifth Circuit's standard that evidence is sufficiently material to require a remand "only where there is a *reasonable possibility* that the new evidence would have changed the outcome of the Secretary's determination had it been before him." *Booz v. Sec'y of Health & Human Servs.*, 734 F.2d 1378, 1380-81 (9th Cir. 1984) (quoting *Dorsey v. Heckler*, 702 F.2d 597, 604-05 (5th Cir. 1983)).

Here, the ALJ excluded all treatment records for dates after the date last insured, stating those records are "irrelevant." (AR 24.) This is plain error. The law is clear that observations made after the period for disability may be relevant in assessing disability. *Smith v. Bowen*, 849 F.2d 1222, 1225 (9th Cir. 1988). "Medical records are inevitably rendered retrospectively and should not be disregarded solely on that basis." *Id.* The ALJ committed legal error by failing to consider any medical observations made after the date last insured, thereby rendering Plaintiff unable to provide evidentiary support for his claim of the new impairment of shoulder impingement.

**B.     Remand.**

Where an ALJ fails to provide adequate reasons for rejecting the opinion of a physician, the Court must credit that opinion as true. *Lester*, 81 F.3d at 834. An action should be remanded for an immediate award of benefits when the following three factors are satisfied: (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find

the claimant disabled on remand. *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014) (citing *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1202 (9th Cir. 2008), *Lingenfelter v. Astrue*, 504 F.3d 1028, 1041 (9th Cir. 2007), *Orn*, 495 F.3d at 640, *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004), and *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)). There is "flexibility" which allows "courts to remand for further proceedings when, even though all conditions of the credit-as-true rule are satisfied, an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled." *Garrison*, 759 F.3d at 1020.

Here, factor two is clearly established. The ALJ did not consider evidence from after Plaintiff's date last insured and failed to provide legally sufficient reasons for doing so. Factor one, however, is not met. The Court cannot conclude that the record is fully developed because the ALJ did not even consider evidence after the date last insured, much less secure consultative evaluations for Plaintiff's shoulder or take any other action to ensure the record was fully and fairly developed. "In Social Security cases the ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered." *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983). Accordingly, the Court will vacate the ALJ's decision and remand for further proceedings. On remand, the ALJ should consider all relevant evidence and determine whether there has been a change to the Plaintiff's RFC and whether such a change, when considered in the five-step analysis, would result in a finding of disability.

**IT IS ORDERED** that the final decision of the Commissioner of Social Security is **vacated** and this case is **remanded** for further proceedings consistent with this opinion. The Clerk shall enter judgment accordingly and **terminate** this case.

Dated this 25th day of February, 2019.

Honorable John Z. Boyle
United States Magistrate Judge